[Civ. No. 701.   Second Appellate District.—August 19, 1910.]

## JOHN LUCKENBACH, Respondent, v. A. J. SMITH, Appellant.

CONTRACT TO SELL SPECIAL AUTOMOBILE—DAMAGES FOR FRAUD—SUPPORT OF FINDINGS.—In an action to recover damages for fraud of the defendant, under a contract to sell the latest improved automobile of a specified model for the current year, where the court found that plaintiff was not familiar with automobiles, while defendant had been for years engaged in the business of selling them, and was familiar with their value, and showed plaintiff a model of the previous year, which he falsely and fraudulently represented was the latest improved automobile of that model for the current year, which he sold and delivered to plaintiff as such; that the value of such automobile was $530 less than the value of the one contracted for, for which sum judgment was rendered, it is held that the findings are sufficiently supported by the evidence, and that the judgment rendered was just.

ID.—RIGHTS OF PURCHASER.—One desiring to purchase an article is entitled to the precise thing he contracted for. Aside from this there is evidence tending to show that an automobile of the preceding year is not as valuable in the open market as the same model containing the improvements of the succeeding year.

ID.—EVIDENCE—ABSENCE OF PREJUDICIAL ERROR.—It is held that there is no prejudicial error in the admission or exclusion of evidence warranting a reversal of the judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Haas, Garrett & Dunnigan, for Appellant.

Valentine & Newby, for Respondent.

ALLEN, P. J.—Action for damages. Findings and judgment for plaintiff, and defendant appeals from such judgment and a subsequent order denying a new trial.

The case as presented by the findings is this: On January 14, 1907, plaintiff and defendant entered into an agreement, whereby defendant agreed to sell and delivered to plaintiff, and plaintiff agreed to buy, one latest improved, 4-cylinder, 1907, Elmore automobile, together with certain extras in connection therewith, for the sum of $2,815. Plaintiff was unfamiliar with automobiles, the different models and makes thereof, while defendant had for several years been engaged in the business and was familiar with the same. At the time of entering into the agreement defendant exhibited to plaintiff a certain automobile, No. 1547, then in stock in Los Angeles, and defendant represented to plaintiff that such automobile possessed all the latest and best improvements that were put into the 1907, 4-cylinder automobile; that said automobile so exhibited was the latest model of 1907 make of automobiles. That these representations of defendant were false and known by him to be false, and plaintiff relied thereon, believed them to be true and entered into the agreement of purchase; that pursuant to said agreement plaintiff delivered to defendant a certain second-hand automobile at an agreed valuation of $1,000, which was fairly worth that price, and on the 26th of January, 1907, defendant delivered to plaintiff an automobile, No. 1547, which was in fact the model of 1906, and plaintiff paid to defendant, on the 2d of February following, $1,815, the balance of the agreed purchase price; that in truth and in fact said automobile so delivered to plaintiff was not of the latest model of 1907 and did not contain the latest improvements of 1907; that plaintiff did not discover until April the falsity of the representations made to him, when he immediately demanded that defendant deliver to him an automobile of the kind and character agreed to be purchased, which defendant refused to do.

The court finds that the value of the automobile so delivered was but $2,120; that the market value of the machine contracted to be purchased, without extras, was $2,650; and judgment was rendered in favor of plaintiff for $530, the difference between such values.

It is appellant's contention that the findings as to the false and fraudulent representations are not sustained by the evidence. There is evidence in the record that defendant assured plaintiff absolutely that the car shown to him was the 1907 car; that, in addition, he represented that there was no difference between the 1906 and 1907 models, except some change in the oiling system; that defendant assured him that the car exhibited was a 1907 model and was the only car the company would put out in 1907; that the company had given him an advance shipment of 1907 machines, which was the reason why he had the 1907 models in store so early in the season. There is evidence tending to show that, as a matter of fact, the 1907 model of Elmore machine was a decided improvement upon the model of 1906, not only in the transmission, but in the axle, in the springs, the size of the wheelbase and the location of the clutch, as well as other material changes. That as a matter of fact an improved Elmore machine, model of 1907, was in process of construction at the factory on the date when the contract was made for the delivery of a car to plaintiff, and before delivery thereof to plaintiff such improved machines were constructed and upon exhibition and at about that time were being sold by the Elmore people. It is further in evidence that defendant told a witness, who was familiar with the various types of machine, that he was selling the Model 15 of 1906 to the trade in Los Angeles as a 1907 car, and the people here didn't know the difference, and requested the witness not to say that he had seen the model of 1907 car, that he might get the later model after he had gotten rid of the Model 15 of 1906. Accepting this testimony as true, which the trial court did, we are unable to see how the court could have found otherwise than as it did. There was ample evidence to justify the court in finding that the representations which induced the purchase were false and known by defendant to be false when made.

It is next contended that, assuming the falsity of the representations, no material injury is shown to have resulted by reason thereof. Aside from the fact that one desiring to purchase an article is entitled to the precise thing which he contracts to buy, there is evidence tending to show that the model of a preceding year is not as valuable in the open market as the model containing the improvements of the succeeding year. While it may be true that the earnest desire of purchasers of automobiles to procure the very latest models, without particular reference to the character of the improvements, may be denominated as a fad, nevertheless, one paying the money is entitled to gratify even a whim; and it very clearly appears from the record that, without reference to the differences between the models of various years, there is a marked difference in the market value between the models of the current and of a preceding year. It is true that the evidence as to the comparative values of the 1906 and 1907 cars is not of the most convincing character, yet there is sufficient as a basis for the finding made by the court, and it is not our duty to disturb such finding.

It is also contended that there is insufficient evidence to warrant the finding of the court that the car of plaintiff taken in exchange by defendant was of the value of $1,000. There is evidence in the record that the defendant, an expert motorcar man, examined the car which plaintiff proposed to trade him, saw its condition and manner of construction and fixed the price at which he was willing to receive it in exchange. It further appears that no representation of any kind or character as to the value, construction, or condition of the machine was made by plaintiff at any time, but, on the contrary, that the machine was taken by defendant upon the faith of his own examination and at a value determined by himself. Considering the circumstances, the situation of the parties and their knowledge, respectively, in relation to the automobile business, we are not surprised that the court accepted as true plaintiff's testimony and fixed the value accordingly.

Numerous objections are urged as to the action of the court in the admission and exclusion of evidence during the progress of the trial. We find nothing in any of such exceptions indicating any prejudicial error, at least nothing which would

warrant a reversal of the judgment. The record indicates to our mind that the judgment rendered in this case is a just one and should be affirmed.

Judgment and order affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 17, 1910.